UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

MEDMIX SWITZERLAND AG,

      **Plaintiff,**

-against-

DAVID DARDASHTY,
LV DENTAL SUPPLY,
and DISCOUNT DENTAL SUPPLY, INC.
dba DDS DENTAL SUPPLY

      **Defendants.**

-------------------------------------------------------------- X

No. 26 Civ. 2895

**COMPLAINT**

**TRIAL BY JURY DEMAND**

Plaintiff Medmix Switzerland AG ("Mixpac" or "Plaintiff") submits this Complaint against Defendant David Dardashty, and his alter ego companies LV Dental Supply and Discount Dental Supply, Inc. dba DDS Dental Supply (collectively, "Dardashty" or Defendants") to enforce a 2013 Settlement Agreement and a 2014 Consent Judgment and Permanent Injunction, and to seek damages, injunctive and other relief for breach of contract, violation of an injunction, trademark counterfeiting, trademark infringement, and related claims.

## INTRODUCTION

1.    Mixpac is famous in the dental trade for its registered Dome Trade Dress and MIXPAC® Trademark used for its mixing system. The Dome Trade Dress and MIXPAC® Trademark are valuable because they indicate the high quality of the Mixpac® System.

2.    In 2013, Dardashty infringed several of Mixpac's trademarks, including the Dome Trade Dress, by selling copied dental mixing tips and entered into a Settlement Agreement (the "Settlement Agreement") with Mixpac wherein he agreed to stop selling mixing tips that infringe

Mixpac's trademarks. Later that year, Mixpac sued Dardashty for breaching the Settlement Agreement and for copying several of Mixpac's trademarks, including its Dome Trade Dress.

3. In 2014, Dardashty accepted, and the court entered, a Consent Judgment and Permanent Injunction (the "Injunction") that enjoined and permanently restrained him from, among other things, using Mixpac's Dome Trade Dress.

4. Despite the Settlement Agreement and the Injunction, Dardashty is again misusing the Dome Trade Dress and now also misuses the MIXPAC® Trademark.

5. Mixpac files this case to enforce the Settlement Agreement and Injunction and to stop Defendants from using the Dome Trade Dress and MIXPAC® Trademark to confuse customers into believing that unauthorized and lesser quality dental products are made by Mixpac.

## PARTIES

6. Plaintiff Medmix Switzerland AG is a Swiss corporation with its principal place of business at Rütistrasse 7, CH-9469 Haag, Switzerland. Medmix Switzerland AG (hereafter "Mixpac") is the successor in interest and acquired all rights of Sulzer Mixpac USA, Inc. and Sulzer Mixpac AG.

7. Defendant David Dardashty is an individual with a business address of 218 S Brand Blvd, San Fernando, California 91340, and who has actively participated in or controlled the breach of contract, violation of the Injunction, and the infringing activity accused herein. Mr. Dardashty uses various companies, including LV Dental Supply and Discount Dental Supply, Inc. dba DDS Dental Supply, as his alter egos to do business and sell infringing dental products. David Dardashty also owned or controlled Discount Dental Supply, Inc. dba LV Dental Supply ("DDS Nevada"), a now dissolved Nevada corporation having a registered address of 112 North Curry Street, Carson City, Nevada 89703.

8.      Defendant LV Dental Supply is an unincorporated entity, partnership, or association having a business address of 215 Chatsworth Drive, San Fernando, California 91340. LV Dental Supply is a vendor on the online dental supply retailer www.Net32.com ("Net32"). See Exhibit A. Defendant David Dardashty is the owner of, or controls, LV Dental Supply.

9.      Defendant Discount Dental Supply, Inc. ("DDS California") is a California corporation having a registered address of 1151 Dove Street, Suite 100, Newport Beach, California 92660, and a business address of 218 S Brand Blvd, San Fernando, California 91340. DDS California also does business as DDS Dental Supply. Defendant David Dardashty is the owner of, or controls, DDS California.

10.     Defendants David Dardashty, LV Dental Supply, and DDS California have sold, offered for sale, distributed, and advertised products that infringe Mixpac's Dome Trade Dress and MIXPAC® Trademark via online dental supply retailers including Net32.

## JURISDICTION AND VENUE

11.     This court has subject matter jurisdiction over Mixpac's federal trademark counterfeiting, trademark infringement, and unfair competition counts, and enforcement of the Injunction under 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116, 1121.

12.     This court has supplemental jurisdiction over Mixpac's breach of contract, New York Business Law, common law trademark infringement, and common law unfair competition counts under 28 U.S.C. § 1367.

13.     In the alternative, this court has diversity jurisdiction over Mixpac's breach of contract, New York Business Law, common law trademark infringement, and common law unfair competition counts under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of a State and a citizen of a foreign state.

14.     This court has personal jurisdiction over Defendants because they have transacted business in this district and have sold, offered for sale, distributed, and advertised products that infringe Mixpac's federally registered and common law trademarks in this judicial district.

15.     This court also has personal jurisdiction over Defendants because they have consented to the jurisdiction of the Southern District of New York for enforcement of the Settlement Agreement and Injunction.

16.     Defendants have substantial and continuous contacts with New York, and Defendants, or their agents, have committed acts of infringement in New York, including the Southern District of New York, sufficient to confer personal jurisdiction upon them. Defendants' Net32 vendor profile advertises that Defendants sell and ship products to customers in New York (Exhibit A) and Defendants have sold and shipped infringing products to customers in the Southern District of New York. Moreover, the Southern District of New York is important to the dental market as it is home to the Greater New York Dental Meeting, the largest annual dental convention in the United States where new and existing products are displayed for the dental market.

17.     Venue properly lies in this court under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction, have agreed to resolve disputes under the Settlement Agreement and Injunction from the U.S. District Court for the Southern District of New York, and have committed acts of trademark infringement in this district. Defendants' offering and selling its products in New York gives further rise to proper venue as a substantial part of their infringing acts have occurred in this district.

4

**BACKGROUND**

**Mixpac's Dental Mixing System**

18.    Mixpac is the exclusive Swiss manufacturer of its dental systems for mixing and applying two-part materials for dental applications. The Mixing System has 1) a dispenser, such as a caulking gun, 2) a cartridge containing a two-part chemical material, such as an epoxy having a catalyst and a resin, and 3) a disposable mixing tip that mixes the material before it is applied for making, for example, an impression or mold for teeth. Dentists may also use an intra-oral tip (IOT) to apply the mixed material. See diagram below showing the Mixing System components. The Dome Trade Dress and MIXPAC® Trademark are used on the mixing tips, as well as in advertising.



Application tips    Mixing tips    Cartridges    Dispenser

**The Registered Dome Trade Dress**

19.    Since at least as early as 1997, Mixpac has used the distinctive Dome Trade Dress for its dental mixing tips. See below.



20.     The Dome Trade Dress is a source indicator used to identify Mixpac's dental mixing system and mixing tips.

21.     The Dome Trade Dress is non-functional. It is not essential to the product's purpose and is not dictated by concern for cost efficiency. This is evidenced by other companies in the dental industry that use different designs for their products, none of which include the Dome Trade Dress.

22.     Over nearly thirty (30) years, the Dome Trade Dress has acquired secondary meaning as the relevant public has come to associate the Dome Trade Dress with a single source: Mixpac.

23.     Mixpac owns U.S. Trademark Reg. No. 4,051,261 for the Dome Trade Dress. A true and correct copy of the trademark registration certificate is attached as Exhibit B.

### The Registered MIXPAC® Trademark

24.     Since at least as early as 1997, Mixpac has used the distinctive MIXPAC Trademark for its dental mixing tips and mixing system.

25.     The MIXPAC Trademark is used to identify Mixpac's dental mixing system and mixing tips.

26.     Over nearly thirty (30) years, the relevant public has come to associate the MIXPAC Trademark with a single source: Mixpac.

27.     Mixpac owns U.S. Trademark Reg. Nos. 4,002,539 — MIXPAC® — and 4,059,599 — MIXPAC®. True and correct copies of the trademark registration certificates are attached as Exhibits C and D.

### The 2013 Settlement Agreement

28.     On February 7, 2013, Mixpac sent a cease-and-desist letter to DDS Nevada regarding its infringement of several of Mixpac's trademarks, including the Dome Trade Dress.

29.     To settle the dispute, the parties entered into the Settlement Agreement on March 22, 2013.

30.     Defendant David Dardashty signed the Settlement Agreement on behalf of DDS Nevada dba LV Dental Supply.

31.     Pursuant to the Settlement Agreement, Dardashty agreed not to manufacture, import, distribute or ship, advertise or offer for sale infringing mixing tips, or other mixing tips which infringe the Dome Trade Dress.

32.     Pursuant to the Settlement Agreement, Dardashty also recognized that genuine Mixpac Mixing Tips bear the MIXPAC® mark on the product.

33.     The Settlement Agreement is binding upon the parties and upon their respective owners, related or affiliated entities, successors assigns, officers, directors, employees, agents and representatives.

34.     Pursuant to the Settlement Agreement, the parties agreed that the Agreement shall be subject to, construed and enforced in the United States District Court for the Southern District of New York, and the parties consented to the jurisdiction of the court for such enforcement.

35.     In reliance on Dardashty's representations and warranties, Mixpac agreed to enter into the Settlement Agreement.

### The 2013 Lawsuit Resulting in a Permanent Injunction

36.     On October 30, 2013, Mixpac sued Defendants for breach of the Settlement Agreement and for selling mixing tips that infringed several of Mixpac's trademarks, including the Dome Trade Dress. Sulzer Mixpac USA, Inc. et al v. Discount Dental Supply, Inc. et al., Case No. 1:13 Civ. 07711 (DAB). See Exhibit E.

37.     To settle the lawsuit, Dardashty accepted a Consent Judgment and Permanent Injunction that prohibits future use of Mixpac's trademarks, including the Dome Trade Dress.

38. Defendant David Dardashty signed the Consent Judgment on behalf of himself, DDS Nevada dba LV Dental Supply, and DDS California.

39. The Injunction enjoined and permanently restrained Defendants from, among other things:

"(ii) selling, offering for sale, distributing or advertising any mixing tips that infringe

U.S. Trademark ... Reg. No. 4,051,261 (dome only) or the Dome Mark ..."

See Exhibit F.

40. The court entered the Consent Judgment and Permanent Injunction on April 18, 2014.

## Defendants' Counterfeit Mixing Tips

41. Despite the Settlement Agreement and Injunction, Dardashty has continued to capitalize on the success of the Mixpac system by copying the distinctive Dome Trade Dress and now also misuses the MIXPAC® Trademark to confuse purchasers into believing the counterfeit products are manufactured or licensed by Mixpac. Dardashty's products or advertising use the Dome Trade Dress and MIXPAC Trademark on mixing tips ("Infringing Mixing Products").

42. Dardashty copied the distinctive shape of the Dome Trade Dress and the MIXPAC Trademark. See true and correct copies of photographs of examples of Dardashty's Infringing Mixing Products sold and offered for sale and distributed below and attached as Exhibit G.

 

43.    Dardashty's Infringing Mixing Products are counterfeit as they are spurious and are identical with or substantially indistinguishable from Mixpac's Dome Trade Dress and MIXPAC Trademark as shown in Mixpac's Dome Trade Dress and MIXPAC Trademark Registrations.

44.    Dardashty's Infringing Mixing Products are of unknown quality and safety and reliability, and threaten Mixpac's reputation in its product, to the detriment of Mixpac and the public.

45.    Dardashty has sold, offered for sale, distributed and advertised Infringing Mixing Products to customers in this district via the online dental supply retailers including at least Net32. See Exhibit H.

## COUNT I
## BREACH OF CONTRACT

46.    Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 45 of its complaint.

47.    Dardashty entered into a March 22, 2013 Settlement Agreement with Mixpac that was a binding contract between the parties in resolution of a trademark infringement dispute raised by Mixpac against Dardashty for infringement of, among other things, the Dome Trade Dress.

48.    Mixpac has performed all of its obligations under the Settlement Agreement.

49.    Dardashty has breached the Settlement Agreement by infringing the Dome Trade Dress and by using the MIXPAC® Trademark.

50.    Mixpac has been harmed by the foregoing breach by Dardashty.

51.    As a direct and proximate result of the foregoing breach, Mixpac has suffered, and will continue to suffer, damage arising out of Dardashty's ongoing infringement that cannot yet be fully ascertained.

9

## COUNT II
## ENFORCEMENT OF INJUCTION

52.    Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 51 of its complaint.

53.    Defendants have knowledge of the April 18, 2014 Consent Judgment and Permanent Injunction against Discount Dental Supply, Inc. dba LV Dental Supply, DDS Dental Supply, and David Dardashty. See Sulzer Mixpac USA, Inc. et al v. Discount Dental Supply, Inc. et al., Case No. 1:13 Civ. 07711 (DAB) (S.D.N.Y. April 18, 2014).

54.    Defendants agreed to the Injunction, attached as Exhibit F.

55.    Pursuant to the Injunction, Defendants are permanently enjoined from:

    "selling, offering for sale, distributing or advertising any mixing tips that infringe U.S. Trademark ... Reg. No. 4,051,261 (dome only) or the Dome Mark ..."

56.    Defendants have sold, offered for sale, distributed, and advertised mixing tips that infringe Mixpac's Dome Trade Dress which is the subject of U.S. Trademark Registration No. 4,051,261.

57.    Mixpac has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable harm to Mixpac.

58.    As a result of Defendants' wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

## COUNT III
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114

59.    Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 58 of its complaint.

60.    Dardashty has advertised, offered for sale, distributed, and/or sold Infringing Mixing Products which are spurious, and which are identical with or are substantially indistinguishable from Mixpac's

10

Dome Trade Dress and MIXPAC Trademark as shown in Mixpac's Dome Trade Dress and MIXPAC Trademark Registrations.

61.     Dardashty's conduct is likely to cause confusion, to cause mistake, and to deceive the public as to Dardashty's affiliation, connection, association, or sponsorship with Mixpac.

62.     Dardashty's infringement is willful and with notice of Mixpac's trademark registrations.

63.     Mixpac has no adequate remedy at law. Dardashty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, statutory damages, damages, and attorney's fees and costs.

## COUNT IV
### TRADEMARK INFRINGEMENT OF THE REGISTERED DOME TRADE DRESS AND MIXPAC TRADEMARK BY DARDASHTY UNDER 15 U.S.C. §§ 1125(a) and 1114

64.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 63 of its complaint.

65.     Dardashty adopted its Infringing Mixing Products with knowledge of the Dome Trade Dress and MIXPAC Trademark.

66.     Dardashty has, without permission, offered for sale, advertised, distributed and/or sold dental products that misuse the Dome Trade Dress and MIXPAC Trademark.

67.     Dardashty has used, and continues to use, the Dome Trade Dress and MIXPAC Trademark which is likely to cause confusion, mistake, and/or to deceive as to Dardashty's affiliation, connection, association, or sponsorship with Mixpac.

68.     Dardashty's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Dome Trade Dress and MIXPAC Trademark with Mixpac. Moreover, Dardashty's conduct is likely to cause confusion, to cause mistake, or to deceive the public as to

11

the source of Dardashty's products, or as to a possible affiliation, connection with or sponsorship by Mixpac.

69.    Dardashty's conduct has caused Mixpac to suffer and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Dardashty's acts. Dardashty has been, and will continue to be, unjustly enriched by its unlawful acts.

70.    Dardashty's infringement is willful and with notice of Mixpac's trademark registrations.

71.    Mixpac has no adequate remedy at law. Dardashty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

**COUNT V**
**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

72.    Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 71 of its complaint.

73.    Dardashty's Infringing Mixing Products use the Dome Trade Dress and MIXPAC Trademark in such a way as to unfairly compete in the marketplace by drawing a false association between Dardashty's products and Mixpac including selling, advertising, and offering for sale Infringing Mixing Products via online dental supply retailers including Net32.

74.    Dardashty has made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, sponsorship, or association with another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

75.     Dardashty has violated and intends to continue to willfully, knowingly, and intentionally violate 15 U.S.C. § 1125(a) by its unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics, or qualities of its goods, services, or commercial activities.

76.     Dardashty's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Mixpac would have made but for Dardashty's acts. Dardashty has been, and will continue to be, unjustly enriched by its unlawful acts.

77.     Dardashty has willfully made false designations of origin with knowledge and with notice of Mixpac's trademark registrations.

78.     Mixpac has no adequate remedy at law. Dardashty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

**COUNT VI**
**VIOLATION OF N.Y. GEN. BUS. LAW § 349**

79.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 78 of its complaint.

80.     Dardashty's acts, including the unauthorized manufacture and distribution of its Infringing Mixing Products, constitute a violation of General Business Law § 349 because they are likely to cause confusion or mistake, or deceive consumers into thinking that Dardashty's and Mixpac's products emanate from the same source. The public has an interest in being able to correctly identify the source of genuine Mixpac dental products.

81.    Dardashty's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental products or services.

82.    Dardashty willfully engaged in one or more deceptive trade practices.

83.    Mixpac has no adequate remedy at law. Dardashty's conduct has caused and, if not enjoined, will continue to endanger consumers of dental products or services and cause irreparable damage to Mixpac. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

## COUNT VII
## VIOLATION OF N.Y. GEN. BUS. LAW § 350

84.    Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 83 of its complaint.

85.    Dardashty's acts violate General Business Law § 350 because, by offering copies of Mixpac's products, they falsely represent to consumers and professionals that its products are somehow associated or affiliated with, sponsored, or endorsed by Mixpac.

86.    Dardashty's acts and misrepresentations are likely to cause confusion, mistake, or deception as to the source of its products and services.

87.    Should such misrepresentations continue, it will produce an irreparable injury to Mixpac because it allows Dardashty to trade off of Mixpac's goodwill and unfairly and improperly market its goods through misleading statements.

88.    Dardashty's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental services.

89.    Dardashty has willfully made false representations with knowledge and with notice of Mixpac's trademark rights.

14

90.     Dardashty's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Dardashty from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

**COUNT VIII**
**VIOLATION OF N.Y. GEN. BUS. LAW § 360-1**

91.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 90 of its complaint.

92.     Dardashty's conduct is likely to cause injury to Mixpac's reputation and dilute the distinctive quality of its trademarks.

93.     Mixpac's Dome Trade Dress and MIXPAC Trademark are highly distinctive and have become well known and widely respected in the dental industry.

94.     Mixpac's products are safe and meet Mixpac's high standards for quality and cleanliness.

95.     Mixpac's dental products have been properly tested to fit and work effectively with Mixpac's complementary dispensing systems.

96.     Dardashty's products may not be safe or may not meet Mixpac's standards for quality and cleanliness or may not have been properly tested to fit and work effectively with other Mixpac products. For example, the coupling on infringing mixing tips may disengage or "pop off" due to an improper fit tolerance or cause incomplete mixing.

97.     Dardashty's unauthorized use of Mixpac's Dome Trade Dress and MIXPAC Trademark on its identical (in appearance) yet substandard products violates General Business Law § 360-1 because it is likely to cause consumers to believe that Dardashty's products emanate from the same source as Mixpac's.

15

98.    Dardashty's unlawful manufacture and distribution of products bearing Mixpac's distinctive Dome Trade Dress and MIXPAC Trademark are likely to tarnish Mixpac's image and blur the distinctive quality of its marks.

99.    Dardashty's actions threaten to undermine and damage the goodwill and reputation associated with Mixpac's trademarks in the eyes of the dental trade industry and general consuming public.

100.    Dardashty has willfully made unauthorized use of the Dome Trade Dress and MIXPAC Trademark with knowledge and notice of Mixpac's trademark rights.

101.    Dardashty's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Dardashty from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

## COUNT IX
## COMMON LAW TRADEMARK INFRINGEMENT

102.    Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 101 of its complaint.

103.    Dardashty adopted the look of its Infringing Mixing Products with knowledge of the Dome Trade Dress and MIXPAC Trademark.

104.    Dardashty has misleadingly used, and continues to use, products that include or are confusingly similar to the Dome Trade Dress and MIXPAC Trademark that are likely to cause confusion, to cause mistake, and to deceive as to Dardashty's affiliation, connection, association, or sponsorship with Mixpac.

105.    Dardashty's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Dome Trade Dress and MIXPAC Trademark with Mixpac.

16

Moreover, Dardashty's conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Dardashty's products, or as to a possible affiliation, connection with, or sponsorship by Mixpac.

106.    Dardashty has willfully infringed with knowledge and with notice of Mixpac's trademark rights.

107.    Dardashty's acts have caused irreparable harm to Mixpac. Unless this court enjoins Dardashty from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

## COUNT X
## COMMON LAW UNFAIR COMPETITION

108.    Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 107 of its complaint.

109.    Dardashty's acts constitute unfair competition under common law.

110.    Dardashty adopted the products in bad faith as he knowingly, willfully, and intentionally copied the shape of Mixpac's products to trade off Mixpac's labor, expenditures, and goodwill.

111.    Dardashty's products use the Dome Trade Dress and MIXPAC Trademark in such a way as to unfairly compete in the marketplace by drawing a false association between Dardashty's products and Mixpac.

112.    Dardashty has made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, or qualities of another person's goods, services, or commercial activities.

113.    Dardashty's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill

17

and will suffer the loss of sales and profits that Mixpac would have made but for Dardashty's acts. Dardashty has been, and will continue to be, unjustly enriched by its unlawful acts.

114.    Mixpac has no adequate remedy at law. Dardashty's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Dardashty's wrongful conduct, Mixpac is entitled to injunctive relief, Dardashty's profits, damages, and attorney's fees and costs.

## RELIEF REQUESTED

WHEREFORE, Mixpac requests that the court enter a judgment in Mixpac's favor and against Dardashty and provide Mixpac the following relief:

A.    Order, adjudge, and decree that Dardashty has breached the Settlement Agreement;

B.    Find Dardashty in civil contempt for willful violation of the Consent Judgment and Permanent Injunction;

C.    Order, adjudge, and decree that Dardashty has committed trademark counterfeiting of Mixpac's Dome Trade Dress and MIXPAC Trademark under 15 U.S.C. § 1114;

D.    Order, adjudge, and decree that Dardashty has infringed the Dome Trade Dress and MIXPAC Trademark under 15 U.S.C. §§ 1114, 1125(a);

E.    Order, adjudge, and decree that Dardashty willfully and knowingly infringed the Mixpac Dome Trade Dress and MIXPAC Trademark Registrations;

F.    Issue preliminary and permanent injunctive relief prohibiting Dardashty and its respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from using any trademark, trade dress or advertising which is likely to be confused with the Dome Trade Dress and MIXPAC Trademark in connection with dental mixing products;

18

G. Order Dardashty to identify and recall from customers and destroy all infringing materials, including but not limited to all packaging and advertising related to the Infringing Mixing Products or any other infringing materials having material confusingly similar to the Dome Trade Dress and MIXPAC Trademark;

H. Award Mixpac damages for trademark infringement including prejudgment interest and costs against Dardashty under 15 U.S.C. § 1117;

I. Award Mixpac three times its damages to compensate Mixpac under 15 U.S.C. § 1117;

J. Award Mixpac its reasonable attorney's fees under 15 U.S.C. § 1117;

K. Award Mixpac statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117; and

L. Award such other and further relief as the court may deem just.


Dated: April 7, 2026

Charles D. Cole, Jr.
Newman Myers Kreines Harris, P.C.
40 Wall Street, 23rd Floor
New York, NY 10005
(212) 619-4350
dcole@newmanmyers.com

-and-

Michael T. Murphy
Daniel Hwang
Lydia Bayley
Spencer Fane LLP
1233 Twentieth Street NW, Suite 600
Washington, DC 20036
(202) 293-0585
mtmurphy@spencerfane.com

*Attorneys for medmix Switzerland AG*